KLEES, Chief Judge.

WRIT GRANTED

This is an application for writs filed by Bank One Louisiana, N.A., as successor-in-interest to FNBC, following the trial court’s denial of Bank One’s motion to compel the City of New Orleans to issue certificates of redemption on immovable property located in the Parish of Orleans. The respondent, the City of New Orleans, filed a response on January 28, 2000. On February 4, 2000, Bank One filed a reply brief. For the following reasons, we grant the writ and reverse the trial court ruling.
On October 16, 1998, FNBC (Bank One) entered into a Consent Judgment to settle litigation involving River City Joint Venture. Pursuant to the Consent Judgment, FNBC, by writ of fieri facias, had the property seized by the Civil Sheriff of the Parish of Orleans and advertised for sale.
IgOn May 6, 1999, the property was sold at a sheriffs sale to Bank One. The property had been previously adjudicated to the City of New Orleans for nonpayment of ad valorem, taxes. However, Bank One alleges that on May 26, 1999, as part of the foreclosure sale, it paid to the City of New Orleans all outstanding ad valorem taxes affecting the property due from 1995 through 1999, including the full amount of accrued interest and penalties assessed in the total sum of $168,240.82.[1] Bank One *694 alleges that of the $168,240.82, it paid $40,579.17 under protest pursuant to La. R.S. 47:2110. Specifically, Bank One challenged the 3% delinquency tax penalty and the 30% penalty used to defray collection costs. On June 25, 1999, Bank One filed its Petition against the City of New Orleans to Recover Penalties Paid Under Protest.
On September 20, 1999, Bank one requested the City of New Orleans to issue redemption certificates for the property. However, the City of New Orleans refused to do so alleging that Bank One had failed to satisfy the ad valorum taxes due on the property. On November 4, 1999, Bank one filed its Motion to Compel the City of New Orleans to issue Certificates of Redemption. On December 17, 1999, the trial court denied Bank One’s motion.

DISCUSSION:

The sole issue for our review is whether payment under protest constitutes payment such that the State must issue certificates of redemption to reverse the adjudication.
La R.S. 47:2224, the redemption of adjudicated property statute, states in pertinent part:
If the owner or any person interested personally or as heir, legatee, creditor or otherwise, in any lots or lands bid in for and adjudicated to the state, ... shall pay to the treasurer of the state, the taxes, interests Rand costs and five per centum (5%) penalty thereon, with interest at the rate of one per centum (1%) per month until redeemed, the Register of the State Land Office, upon production of the treasurer’s receipt, shall execute and deliver to such person a certificate of the same under the seal of his office, which, when duly recorded -in the office of the recorder of mortgages of the parish wherein said property is situated together with the name of the person redeeming the same, shall be held and taken as evidence of the redemption of such land or lands; ... provided, however, that no such certificate of redemption shall be so issued to the person redeeming until and unless all state, parochial, district, and municipal taxes due on the property up to the date of redemption shall have first been paid;...
La. R.S. 47:2110 allows a taxpayer the right to dispute the amount of ad valorem tax assessed on the property. The statute states in pertinent part:
A.... Any person resisting the payment of any amount of tax.found due, or the enforcement of any provision of the tax laws in relation thereto, shall pay the amount found due to the officer designated by law for the collection of such tax and shall give him and the officer or agency that has given rise to the cause of action notice at the time of payment of his intention to file suit for the recovery of such tax. Upon receipt of such notice, the amount so paid shall be segregated and held by the officer for a period of thirty days. If suit is filed within such time for the recovery of the tax, then that portion of the taxes paid that are in dispute shall be deemed as paid under protest and such amount shall be segregated and shall be further held pending the outcome of the suit. That portion of the taxes paid by the taxpayer to the officer which is not in dispute shall not be made subject to the protest. If the taxpayer prevails, the officer shall refund the amount to the taxpayer with interest at the actual rate earned on the money paid under protest in the escrow account during the period from the date such funds were received by the officer to the date of such refund. If the taxpayer 'does not prevail, the taxpayer shall be liable for the additional taxes together with interest at the rate set forth above during the period from the date the notice of intention to file suit for recovery of taxes was given to the officer until the date such taxes are paid. (Emphasis supplied).
*695 The City Of New Orleans makes two arguments in its response for denying Bank One the certificates of redemption. First, the City argues that because Bank One paid under protest, the City cannot receive, and does not have at its disposal, the protested amounts until after the Tax Protest litigation is final. Thus, the City argues that because the funds are being held in escrow, Bank One has not extinguished the tax lien that exists on the property, and has not satisfied the tax amount due to the City. Second, the City argues that the total amount of “taxes Rand cost” necessary to redeem the property cannot be determined until after the Tax Protest Litigation is final.
We find no merit to the City’s arguments. First, we agree with Bank One that if the City’s arguments were correct, La.R.S. 47:2110' would be meaningless. For example, as noted by Bank One, if the funds held in escrow do not satisfy the tax amount due, then whenever a taxpayer paid under protest it would not constitute payment and the sheriff would still be free to sell the property for nonpayment of taxes. In fact, the statute itself deems the portion of taxes paid in dispute as “paid under protest”. Second, we agree with Bank One’s logic that even if it is unsuccessful in the Tax Refund Lawsuit, the City will still be in possession of the amount for the additional taxes plus any additional interest due by Bank One to the City. Further, if delinquent taxes are due on the property in the future, the city will have a statutory lien on the property. La. R.S. 47:1993(G). There is no reason for keeping the property out of the stream of commerce while the taxes are being disputed. Accordingly, the ruling of the trial court dated January 18, 2000 denying the issuance of Certificates of Redemption is reversed and this matter is remanded to the trial court for further proceeding.

. Exhibits Nos. 3-6 evidence that Bank One paid all taxes, interest and penalties claimed by the City of New Orleans in its assessment